UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DeWITT CONSTRUCTION, INC.,

    Plaintiff,

v.

CHARTER OAK FIRE INSURANCE;
TRAVELERS PROPERTY & CASUALTY
CO.; THE TRAVELERS INDEMNITY
COMPANY OF AMERICA; and THE
TRAVELERS INDEMNITY COMPANY OF
ILLINOIS,

    Defendants.

Case No. C00-1150FDB

ORDER DENYING DeWITT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE ESTOPPEL AND
GRANTING TRAVELERS' CROSS-
MOTION FOR SUMMARY
JUDGMENT ON ESTOPPEL CLAIM

    This cause of action arises from a large-scale commercial construction project in Issaquah, Washington for which DeWitt Construction, Inc. was a subcontractor. DeWitt subcontracted with Opus Northwest LLC (Opus) the general contractor, to drill and place concrete piles into the ground to serve as a primary component of a building's foundation. In the contract DeWitt promised to achieve a minimum strength in the concrete piles, but the piles did not harden properly and did not achieve the required strength. DeWitt had to install thirty more piles, which resulted in delays to the overall project, re-engineering the site's foundation, and removal and reinstallation of other subcontractors' work, and DeWitt damages buried mechanical and site work completed by other

ORDER - 1

subcontractors. Opus asserted a $3.5 million claim against DeWitt, DeWitt tendered the claim to its insurance company, Travelers, but Travelers informed DeWitt that it was denying both defense and indemnification benefits under the policies. Judge Rothstein rendered a decision, which was appealed.

The issues on appeal were whether the district court erred (1) in finding that there was no coverage, (2) in finding that Travelers breached its duty to defend DeWitt, (3) in calculating the damages awarded to DeWitt, and (4) in dismissing DeWitt's bad faith and Consumer Protection Act claims. The Ninth Circuit affirmed in part and reversed in part, as follows:

> ... Specifically, and as explained above, we affirm denial of coverage on the alleged damage to site from defective piles; we reverse denial of coverage on the subcontractors' work that was destroyed because of the defective piles (and direct the district court to enter a partial summary judgment to DeWitt on this issue); and we remand for further proceedings and factual determinations pertinent to application of the course of operations and of the care, custody, and control exclusions, as they may relate to the damage to buried subcontractors' work caused by DeWitt's movement of equipment to install new piles. We affirm the grant of summary judgment to the insured and against the insurer for breach of the duty to defend. On that issue, we remand for a recalculation of attorneys fees and costs subsequent to the arbitration demand, and for consideration whether there are other recoverable damages for breach of the duty to defend as to any portion of the settlement between DeWitt and Opus that reflects covered property damage. We finally affirm the grant of summary judgment to the insurer rejecting the bad faith and CPA claims because the insurer's position was not unreasonable, frivolous or unfounded. ...

*DeWitt Construction, Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1138, 1139 (9th Cir. 2002).

DeWitt now moves for partial summary judgment estopping Travelers from attempting to allocate the dollar amount of the Opus/DeWitt written settlement agreement entered into in August 2000.

DeWitt seeks to prevent Travelers from allocating settlement amounts between elements that are "covered" and "uncovered" under its policy. DeWitt argues that it has met the third of three elements, that is, that DeWitt acted to its detriment or prejudice as a result of the wrongful acts of the insurer. DeWitt argues that while the Ninth Circuit did not find bad faith in Travelers' actions, DeWitt nevertheless contends that it may affirmatively establish facts that demonstrate that it was

ORDER - 2

harmed or prejudiced by the acts or omissions of the insurer. DeWitt then goes on to cite *Hanson Co., Inc v. Aetna Casualty & Surety Co.*, 15 Wn. App. 608, 550 P.2d 701 (1976) wherein the Court listed some possible ways to show prejudice, among them, loss of a favorable settlement of the case, or inability to produce all testimony existing in support of the defense. DeWitt contends that Opus stood ready, willing, and able to compromise the amount of its actual losses and that DeWitt was deprived of the ability to retain all of its own "required" experts in its defense due to its modest financial capabilities.

In response, Travelers argues that DeWitt has failed to demonstrate the elements of estoppel. The three elements of estoppel, as applied in this case, are as follows:

1. An admission, statement, or act by Travelers inconsistent with a claim afterwards asserted;

2. Action by DeWitt in reliance on that statement;

3. Injury to DeWitt from allowing Travelers to contradict or repudiate the statement.

First, Travelers argues that DeWitt shows no inconsistent statement. Travelers consistently maintained that there was no coverage for the Opus claim against DeWitt. Additionally, as to participation in mediation, Travelers stated that it was evaluating coverage and would attend the mediation if coverage existed. Second, Travelers argues that DeWitt showed no detrimental reliance on an inconsistent statement. Third, Travelers argues that DeWitt has shown no injury from reliance on an inconsistent statement by Travelers. In the cases cited by DeWitt, there was an implied statement that the claim against the insured was covered, or that there was reliance on the insurer's acceptance of defense, or that there was injury or prejudice from detrimental reliance. Travelers argues that none of the fact patterns in DeWitt's cases stand for the proposition that one can prove estoppel merely by showing injury or prejudice.

Travelers argues that while DeWitt complains that Travelers wants to go behind the Opus/DeWitt settlement to segregate covered from non-covered damages, nevertheless, this is

ORDER - 3

1  exactly what the Ninth Circuit directed. The Ninth Circuit said in rejecting DeWitt's argument that

2  Travelers was liable for the full amount of the Opus/DeWitt settlement and held that absent bad faith,

3  DeWitt's settlement did not bring otherwise non-covered items in coverage.  Since there was no bad

4  faith, the Ninth Circuit reasoned,  travelers is liable for the reasonable amount of the settlement that

5  was paid for covered items, and directed this court to determine the proper amount on remand.

6  Specifically, the Court stated:

> Because we have determined that the policies do cover property damage to the subcontractor's work on the defective piles, and because the fact-finder may conclude that the buried mechanical and site work is also covered by the policy, on remand the district court should consider (1) the portion of a reasonable settlement, if any, that can fairly be said to be related to the covered property damage; and (2) whether any such portion is recoverable as damages for breach of duty to defend.

*DeWitt Construction, Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1137 (9th Cir. 2002).  The Court further stated in footnote 8 (added after denial of rehearing and rehearing en banc):

> We reject DeWitt's argument that Washington law permits no allocation of settlement if the insurer breached the duty to defend. ... Absent bad faith, the insurer is "liable for the judgment entered <u>provided that the act creating liability is a covered event</u> and provided the amount of the judgment is within the limits of the policy." ... Because there was no bad faith here, see *infra* Section III, allocation is appropriate.  To conclude otherwise would be to afford the same remedy in cases where the insurer has breached the duty to defend in good faith as in cases where such breach was in bad faith.

*Id.* 307 F.3d at 1138 n.8.

DeWitt argues that under *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124 (1998), when an insurer breaches a contract in good faith, the insured must be put in as good a position as he or she would have been had the contract not been breached.  In the failure-to-defend context that means that the insured is entitled to recover (1) the cost of defending the underlying action and (2) the amount of the judgment entered against the insured provided the act creating liability is a covered event.  DeWitt is not entitled to be put in a better position that it would have been had the insurer not breached the contract.

Travelers states that it has already paid DeWitt its costs of defense for the underlying case as

ORDER - 4

1  well as all attorneys' fees and costs awarded under the Ninth Circuit's opinion. The only issue
2  remaining for trial (or possible motion) is the amount of the covered loss as defined by the Ninth
3  Circuit's mandate.
4      DeWitt's estoppel arguments are not convincing. This Court will follow the mandate of the
5  Ninth Circuit and make the determination that it directed.
6      ACCORDINGLY,
7      IT IS ORDERED:
8      1. Plaintiff DeWitt Construction's Motion for Partial Summary Judgment Regarding
9  Estoppel of Travelers To Contest Allocation of Settlement Amount (Doc. # 122) is DENIED;
10     2. Defendant Travelers' Cross-Motion For Summary Judgment on Estoppel Claim (Doc. #
11 138 (Response & Cross-Motion)) is GRANTED, and
12     3. Plaintiff DeWitt's estoppel claim is DISMISSED with prejudice.
13     DATED this 15th day of March, 2004.

                              *S/ Franklin D. Burgess*_____
                              FRANKLIN D. BURGESS
                              UNITED STATES DISTRICT JUDGE

ORDER - 5